**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Genesis Equipment & Manufacturing, Inc.,
a Wisconsin corporation,

Plaintiff,

v.

The Stanley Works,
a Connecticut corporation,

Defendant.

---

**Case No. 01-CV-0014 (DWF/AJB)**

**Stipulation and Order for the Protection and Exchange of Confidential Information**

**IT IS HEREBY STIPULATED AND AGREED** by the undersigned parties to this action as follows:

1. A party to this action or a non-party from which discovery is sought may in good faith designate a document or other information as "Confidential" or "Attorneys' Eyes Only" by placing the following marking on the item in a manner that will not interfere with its legibility: "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY." The party or non-party designating a document or information confidential pursuant to this Order shall use its best efforts to ensure that only those documents or information that contain confidential or proprietary materials not known to persons or entities other than customers, agents, attorneys, directors, employees, or former employees of the designating party or non-party shall be designated as confidential pursuant to this Order. Nothing shall be designated as "Attorneys Eyes Only" information except information of the most sensitive nature, and in the good faith belief that if the information so designated was disclosed to persons of expertise in the area, it would reveal significant technical or business advantages of the producing or designating

FILED APR 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

party, and which includes subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the opposing party or parties.

2. All documents and information produced by any party or non-party that are subject to the provisions of this Order shall be used for the sole and limited purpose of preparation for and trial of this action and any appeal therefrom, and shall not be used for any other purpose.

3. This Order shall apply to and govern all documents and information designated by a party or non-party as "confidential" or "Attorneys' Eyes Only" whether or not such items are informally produced or produced in response to a formal discovery request in this case. A party or non-party may also designate answers to interrogatories, responses to other discovery requests, and deposition testimony as "confidential" or "Attorneys' Eyes Only" and protected by this Order. Any party may require that some documents or other materials to be inspected shall be treated as "Attorneys' Eyes Only" during inspection; however, that party shall make all reasonable efforts to separate "Attorneys Eyes Only" documents and materials from the rest of the documents and materials to be inspected so that employees of the opposing party may assist in the inspection to the greatest extent possible. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "confidential" or "Attorneys' Eyes Only" if protection under this Order is sought by the producing party or non-party. With respect to deposition testimony, the designation of confidentiality or "Attorneys' Eyes Only" may be made on the record at the time of the deposition at which time the testimony so designated shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within fourteen (14) days of the receipt of the deposition transcript, designate portions of the deposition testimony as confidential, in which case the testimony so designated shall be subject to the full protection of this Order. "Attorneys Eyes Only" designations of deposition testimony must

be made at the time the testimony is being taken. All deposition transcripts shall be treated as confidential for a period of fourteen (14) days after receipt of the transcript. The Court Reporter shall separately bind those pages containing material designated as confidential or "Attorneys' Eyes Only" and shall place the legend "Confidential pursuant to Court Order" or "Attorneys' Eyes Only" across the top of each such page.

4. In the event that any information or material designated "confidential" or "Attorneys' Eyes Only" pursuant to this Order is included in, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Court, such confidential materials shall be filed under seal in an envelope marked as "Confidential - Subject to Protective Order."

5. No documents or information designated as "confidential" or "Attorneys' Eyes Only" pursuant to this Order shall be filed with the Court without the appropriate safeguards. The Clerk of the Court is directed to maintain such documents under seal, to be made available only to the Court and counsel of record for the parties as herein provided.

6. Any party may challenge the designation of any document or information as "confidential" or "Attorneys' Eyes Only" pursuant to this Order. The party challenging such designation shall notify the party or non-party that has made such designation of its challenge and shall attempt to resolve the issue. If the parties and/or non-parties are unable to resolve the issue themselves, the party opposing the designation of the document or information as "confidential" or "Attorneys' Eyes Only" may move the Court for an order to compel the production without the "confidential" or "Attorneys' Eyes Only" designation. All documents, testimony, or other materials designated by a party or non-party as "confidential" or "Attorneys' Eyes Only," however, shall retain

their designated status until such time as the parties' and non-parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated by this Court.

7. Except as otherwise directed by the Court, the documents and information produced by a party or non-party and designated as provided by this Order as "confidential" shall be revealed only to (a) parties in this action and their employees, as well as their agents or other representatives, provided such agents or representatives agree to be bound by the terms of this Order; (b) counsel for the parties in this action, including in-house counsel for the parties, as well as their employees; (c) experts or consultants of the parties or their counsel who have agreed in writing to abide and be bound by the terms of this Order; (d) any person who is called or who any party intends to call for testimony either at deposition or at trial in this litigation, provided that such person has agreed in writing to abide and be bound by the terms of this Order; (e) court reporters; (f) the Court and court personnel for any purpose the Court finds necessary; (g) jurors and court personnel at a trial or hearing in this action.

Except as otherwise directed by the Court, the documents and information produced by a party or non-party and designated as provided by this Order as "Attorneys' Eyes Only" shall be revealed only to (a) outside counsel who are attorneys of record for the parties to this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; and (b) actual or potential independent experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Attorneys Eyes Only" information to such person, and who have agreed in writing to be bound by the terms of this Order.

8. At the conclusion of all aspects of this action, and at the written request of the party or non-party designating documents or information "confidential" or "Attorneys' Eyes Only," counsel for the parties and other persons given access to such information or documents in

accordance with this Order shall return all copies thereof to counsel for the party or non-parties making the designation.

9. Nothing in this Order shall prohibit a party or non-party from disclosing or using in any way its own documents or information that it has designated as "confidential" or "Attorneys' Eyes Only."

10. Designation of documents or other material as "confidential" or "Attorneys Eyes Only," or a decision not to challenge such a designation shall not be evidence of the trade secret, proprietary, or confidential status of such documents or material for purposes of the underlying claims and defenses in this case.

11. This Order shall apply equally to any item designated "confidential" or "Attorneys' Eyes Only" and any information contained within that item.

Dated this 4th of April, 2002.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By ______________________
David E. Oslund (#83033)
Thomas C. Mahlum (#025391)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
Phone: 612-349-8500
Fax: 612-339-4181

**ATTORNEYS FOR PLAINTIFF GENESIS EQUIPMENT & MANUFACTURING, INC.**

Dated this 4th of April, 2002.

**FAEGRE & BENSON, P.A.**

John B. Gordon #36237
Michael A. Ponto #203944

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

-and-

Michael Dorney
TYLER COOPER & ALCORN, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910

**ATTORNEYS FOR DEFENDANT THE STANLEY WORKS**

**IT IS SO ORDERED:**

Dated: April 4, 2002

Arthur J. Boylan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.